1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **DONNA HOFFMAN,** | ) | **CIV F 04-5714 AWI DLB** |
| | ) | |
| **Plaintiff**, | ) | **ORDER ON PLAINTIFF'S** |
| **v.** | ) | **RULE 56(f) MOTION** |
| | ) | |
| **KENT TONNEMACHER, M.D.;** | ) | |
| **UNKNOWN PHYSICIANS;** | ) | |
| **MEMORIAL MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

This is a case brought by Plaintiff Donna Hoffman under 42 U.S.C. § 1395dd, the Emergency Medical Treatment and Active Labor Act (EMTALA). Trial is currently set for May 9, 2006. By scheduling order, non-expert discovery closes on September 30, 2005, and expert discovery closes on December 9, 2005. On May 5, 2005, Defendant Memorial Medical Center ("MMC") filed a motion for partial summary judgment on Plaintiff's EMTALA claim that was supported by a declaration from Co-Defendant Dr. Kent Tonnemacher. On May 23, 2005, Plaintiff filed a Rule 56(f) motion for continuance to pursue discovery. On June 3, 2005, MMC filed its opposition/reply to Plaintiff's Rule 56(f) motion. For the reasons that follow, the motion will be granted.

**LEGAL STANDARD**

"Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." Burlington Northern & Santa Fe R.R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation, Montana, 323 F.3d 767, 773-774 (9th Cir. 2003); United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002).  Rule 56(f) reads:

> (f) When Affidavits are Unavailable.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Ninth Circuit has explained that in order to prevail on a Rule 56(f) motion, the party "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998).  "In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (citation omitted).  The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.  See Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129-1130 (9th Cir. 2004).

Factors courts have considered in granting motions pursuant to Rule 56(f) include: (1) a summary judgment motion made early in the litigation before relevant discovery could be completed; (2) discovery having been stayed by court order; (3) the case involving complex facts requiring additional discovery; (4) the material facts are within the exclusive knowledge of the moving party; (5) discovery requests are currently outstanding to the moving party; and (6) the motion raises new and unanticipated issues.  See Schwarzer, Tashima, Wagstaffe, Cal. Practice Guide: Fed.Civ.Pro. Before Trial, § 14:115 (The Rutter Group 2005) (citing Garrett v.

daw                                                     2

San Francisco, 818 F.2d 1515 (9th Cir. 1987), DiMartini v. Ferrin, 889 F.2d 922  (9th Cir. 1989),

and Weir v. Anaconda Co., 773 F2d 1073 (10th Cir. 1985)).  District courts have the discretion

to deny further discovery "if the movant has failed diligently to pursue discovery in the past, or if

the movant fails to show how the information sought would preclude summary judgment."

Clorox Co., 353 F.3d at 1130; Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271,

1278 (9th Cir. 1990).

However, when a summary judgment motion is filed "so early in the litigation, before a

party has had any realistic opportunity to pursue discovery relating to its theory of the case,

district courts should grant any Rule 56(f) motion fairly freely." Burlington Northern, 323 F.3d

at 773-774 (citing, *inter alia*, Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir.

2001)).  Where a motion for summary judgment is filed early in the proceedings and discovery

has not taken place, "the party making a Rule 56(f) motion cannot be expected to frame its

motion with great specificity as to the kind of discovery likely to turn up useful information, as

the ground for such specificity has not yet been laid." Burlington Northern, 323 F.3d at 773-774.

**PLAINTIFF'S MOTION**

Plaintiff argues that the motion for summary judgment is premature as discovery is in its

early stages and is not due to close until the end of September 2005.  Furthermore, Plaintiff

argues that it has served interrogatories, requests for production, and request for admissions on

April 8, 2005, and that Defendants have yet to respond to the discovery.  Plaintiff argues that

they will conduct depositions, including the deposition of Dr. Tonnemacher, upon receiving

responses to the written discovery.  Plaintiff indicates that she is seeking discovery that is

pertinent to her EMTALA claim: MMC's emergency room capabilities, redacted records of the

daw                                    3

treatment of similarly situated patients, Plaintiff's complete medical records, the identification of

the persons who provided medical care to Plaintiff at MMC, and information regarding the

specific bases upon which the defendants dispute the plaintiffs' allegations.  Additionally,

Plaintiff argues that MMC's motion for summary judgment is based in large part on a declaration

by co-defendant Dr. Tonnemacher, which contain medical opinion testimony derived in part from

review of records reflecting treatment in which he was not involved.  Plaintiff argues that

medical facts must be interpreted by medical experts, and the deadline for expert disclosure is not

until October 2005.

      Plaintiff's Rule 56(f) motion lists the above grounds and is supported by a declaration

from Plaintiff's counsel, which states that the factual contentions made in the motion are true and

correct to the best of his knowledge.

## MMC'S REPLY/OPPOSITION

      MMC replies that Plaintiff seeks to continue discovery, but does not explain why she

does not have declaration from a competent expert on issues critical to her case, including that

she in fact suffered from an emergency medical condition, that the screening received in the

emergency department was no appropriate under EMTALA, or that the evidence she seeks exists

or how it will defeat summary judgment.  Plaintiff's motion should fail because she does not

explain how the requested discovery will preclude entry of summary judgment or provide a

justification as to why discovery was not obtained earlier.  Plaintiff's first set of written discovery

was served on April 8, 2005, but was defective as they were unsigned.  Plaintiff re-served the

discovery on May 9, 2005, and on May 31, 2005, MMC answered the discovery.  The answered

discovery will not have a bearing on the critical issue of whether Plaintiff actually suffered from an emergency medical condition that required stabilization as defined by EMTALA.  In order for Plaintiff to even represent that she in fact suffered from an emergency medical condition when she presented to the emergency room, she required competent expert opinion so stating.  Without such opinions, she should have never filed suit.

MMC argues that suit has been on file for over a year and Plaintiff has had a hard copy of her medical records since at least November 24, 2004, when she produced them to Defendants. Furthermore, Plaintiff makes no effort to explain why she has not conducted discovery yet or how any of this discovery will make a difference to this motion.

## DISCUSSION

Discovery, both non-expert and expert, has not closed in this case and, indeed, is not scheduled to close until September 30, 2005, and December 9, 2005, respectively.  Although it appears that MMC responded to Plaintiff's written discovery on May 31, 2005, MMC makes many objections (which will likely lead to further proceedings or negotiation) and it is not clear that MMC has provided substantial information.[1]  Plaintiff seeks to obtain copies of medical records, polices and procedures for MMC's emergency room, the name of health care providers who rendered aid, and expert medical evidence, including a deposition of Dr. Tonnemacher. Expert testimony is certainly needed to evaluate both the medical records and the opinions offered by Dr. Tonnemacher in order for Plaintiff's EMTALA claim to remain viable.

---

[1]This statement is in no way intended to be a judgment on the validity or invalidity of any objections raised by MMC; rather it is intended as a general observation.  Any discovery disputes that may arise during this litigation are to be presented to the magistrate.

MMC's motion for summary judgment was filed on May 5, 2005, nearly five months before the close of non-expert discovery and more than seven months before the close of expert discovery.  Indeed, as per the scheduling order, the parties have until October 3, 2005, to disclose expert witnesses.  Although Plaintiff's Rule 56(f) motion could have been more detailed, where little or no discovery has occurred, a Rule 56(f) motion cannot be framed with great specificity. See Burlington Northern, 323 F.3d at 773-74.   MMC argues that Plaintiff has delayed in discovery, but there remains significant time to conduct both expert and non-expert discovery under the scheduling order.  In other words, Plaintiff is in compliance with the scheduling order. Because there remains a significant amount of discovery time under the scheduling order and expert medical evidence is necessary to evaluate Dr. Tonnemacher's opinions, Plaintiff's Rule 56(f) motion will be granted.  See Burlington Northern, 323 F.3d at 773-74; see also Trebor Sportswear Co. v. Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be "railroaded" into his offer of proof in opposition to summary judgment.  The nonmoving party must have "had the opportunity to discover information that is essential to his opposition" to the motion for summary judgment." (citations omitted))); Wright & Miller, 10B Federal Practice & Procedure § 2741; Schwarzer, Tashima, Wagstaffe, Cal. Practice Guide: Fed.Civ.Pro. Before Trial, § 14:115 (The Rutter Group 2005).[2]

//

//

---

[2]The Court notes that in both Plaintiff's Rule 56(f) motion and MMC's motion for summary judgment, the parties cite the Court to the case of "Jackson v. Redbud Community Hospital District, 264 F.3d 1248 (9th Cir. 2001)" regarding EMTALA claims.  However, the proper citation for this case is "Jackson v. East Bay Hospital, 246 F.3d 1248 (9th Cir. 2001)."  The Court requests that the parties pay closer attention to the cases that they cite in submissions to this Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Rule 56(f) Motion is GRANTED;

2. Defendant MMC's Motion for Summary Judgment is DENIED without prejudice to the refiling of the same in accordance with the December 28, 2004, scheduling order; and

3. The hearing on Defendant MMC's Motion for Summary Judgment on June 13, 2005, is VACATED.

IT IS SO ORDERED.

**Dated:    June 7, 2005**                        **/s/ Anthony W. Ishii**
0m8i78                                            UNITED STATES DISTRICT JUDGE

daw                                            7