IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HOFFMAN, ) | CIV F 04-5714 AWI DLB |
| ) | |
| Plaintiff, ) | ORDER ON PLAINTIFF'S |
| v. ) | MOTION TO RECONSIDER |
| ) | |
| KENT TONNEMACHER, M.D.; ) | |
| UNKNOWN PHYSICIANS; ) | |
| MEMORIAL MEDICAL CENTER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    In May 2006, this case went to trial, but the Court was forced to declare a mistrial when the jury was unable to reach agreement on any issue. In late 2006, the Court granted in part and denied in part MMC's motion to modify the pre-trial order. In the Court's order, it granted MMC leave to designate Dr. Patrick Joseph (an infectious diseases physician) as a causation expert, granted MMC leave to file a second motion for summary judgment on the issue of causation, denied allowing Nurse Osburn to testify on an expanded basis, and denied MMC leave to file a second motion for summary judgment on various additional issues. Hoffman has filed a motion for the Court to reconsider this order.

    Hoffman argues that reconsideration is warranted because of partially changed circumstances and in order to prevent a manifest injustice in that: (1) the Court has not adequately appreciated the prejudice to Hoffman and that she will now largely lose the benefit of

her settlement with Dr. Tonnemacher; (2) MMC's own culpable conduct in not designating an expert is sufficiently willful to warrant denial of designation; (3) that the Court's ruling is seemingly inequitable because the Court denied amendment of the pre-trial order as to Hoffman's negligence claims and the order seems contrary *Williams v. Houghton*, No. CV F 98-5194 AWI DLB in which the Court struck Williams's expert due to improper designation and would not allow the expert to testify during the retrial; (4) the Court did not address MMC's offer to pay for discovery cost associated with Dr. Joseph; (5) that allowing a second motion for summary judgement is a waste of time because the Court has already heard and ruled on the bases for MMC"s motion for summary judgment; and (6) because of Plaintiff's counsel's evolving and crowded schedule, a trial in Spring 2007 is impractical and the retrial should occur in February 2007.  MMC essentially argues that Plaintiff has not shown new or changed circumstances and that her basis for reconsideration is nothing more than a disagreement with the Court's decision, which is an inadequate ground for reconsideration.

Local Rule 78-230(k) provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought including:
> (1) when and to what Judge or Magistrate Judge the prior motion was made,
> (2) what ruling, decision or order was made thereon,
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

L.R. 78-230(k).

MMC is largely correct that Hoffman's basis for reconsideration essentially boils down to a disagreement with the Court's decision.  The change in circumstances relates to Hoffman's counsel's trial schedule and no other additional facts or changed circumstances are identified. Disagreement with a decision or the recapitulation of rejected arguments are not adequate bases

2

for reconsideration.  See U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  Hoffman has not adequately shown new facts or circumstances, manifest injustice, or that the Court's decision was clearly erroneous such that the Court should reconsider its decision to allow MMC to designate Dr. Joseph.[1]

However, Hoffman is correct that the Court did not discuss MMC's offer to pay the additional discovery costs that will be created by Dr. Joseph.  In MMC's reply, MMC said, "defendant does not object to bearing the cost of the subsequent discovery . . . ."  MMC's Reply In Support Of Motion To Modify at 2:6-7.  Since MMC has offered to cover the cost of additional discovery by stating that it has no objection to bearing such costs, the Court will order MMC to bear the costs of additional discovery associated with Dr. Joseph.[2]

With respect to the second summary judgment motion, the Court stated that it does not wish to see arguments that have already been rejected, but did see a potential issue regarding causation given the medical testimony regarding the timing of tests and early goal directed therapy.  "Summary judgment has, as one of its most important goals, the elimination of waste of the time and resources of both litigants and the courts in cases where a trial would be a useless formality."  Zweig v. Hearst Corp., 521 F.2d 1129, 1135-36 (9th Cir. 1975); see also Northwest Motorcycle Ass'n v. United States Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  Because

---

[1] The Court does not believe that allowing the designation of Dr. Joseph causes Hoffman to lose the benefit of her settlement agreement with Dr. Tonnemacher.  Each case that is tried before a jury carries an element of risk.  Plaintiff settled with Dr. Tonnemacher for nearly 70% of the $250,000 MICRA damages cap.  Further, Dr. Tonnemacher's two infectious diseases expert witnesses are no longer a part of this case, Hoffman tried this case without the presence of Dr. Tonnemacher's two infectious diseases expert witnesses but the jury was unable to reach a verdict on either the EMTALA violation or causation issues, and Hoffman's settlement agreement with Dr. Tonnemacher did not, and could not, assure that MMC could never have a causation expert in this case.  With respect to *Williams*, the decision whether to allow additional witnesses at a retrial depends on the facts the particular case, cf. Cleveland v. Piper Aircraft Corp., 985 F.2d 1438, 1449-50 (10th Cir. 1993), and Hoffman has not adequately shown that the situation in *Williams* is so similar to the case at bar that the Court should reconsider this order.

[2] This will also lessen any prejudice to Plaintiff.

the Court saw a potential dispositive issue that had not been addressed, and given that additional causation testimony will now be available, the Court allowed MMC to file a limited second motion for summary judgment on causation. Again, the Court does not want to see arguments from MMC that have already been rejected. Further, allowing for a second motion for summary judgment is not the same as requiring that a second motion for summary judgment be filed. If after review it is clear that there will be a genuine issue of disputed material fact, then MMC is not obligated to file the second motion. If the issue will have to be determined through an assessment of credibility, which is a matter for the trier of fact, or is easily controverted, then the opposition should take little time to formulate, and the order denying the motion will be short and simple.

Finally, given the Court's trial calendar, the additional discovery that will be taking place, and the potential second summary judgment motion, Plaintiff's request for a February 2007 trial date is denied. Plaintiff and Defendant will meet together in order to find a mutually agreeable trial date and submit those dates to the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is in part GRANTED in that MMC will pay all discovery expense associated with its infectious diseases expert;

2. Plaintiff's motion for reconsideration is in all other respects DENIED; and

3. The parties are to meet and confer regarding mutually agreeable dates for the retrial of this matter and are to submit to the Court the mutually agreeable dates within two weeks of the filing of this order.

IT IS SO ORDERED.

Dated:     January 25, 2007              /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE