IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HOFFMAN,              )<br>                                         )<br>           Plaintiff,              )<br>     v.                              )<br>                                         )<br>KENT TONNEMACHER, M.D.;  )<br>UNKNOWN PHYSICIANS;       )<br>MEMORIAL MEDICAL CENTER, )<br>                                         )<br>           Defendants.           )<br>_____) | CIV F 04-5714 AWI DLB<br><br>ORDER ON MEMORIAL<br>MEDICAL CENTER'S<br>MOTION FOR RELIEF FROM<br>ORDER<br><br>(Document No. 174) |

      This is an EMTALA case stemming from Plaintiff Donna Hoffman's ("Hoffman") presentation to Defendant Memorial Medical Center's ("MMC") emergency room and later development of septic shock.  This case was tried to a jury, but the Court was forced to declare a mistrial because the jury was unable to reach agreement on any issue.  Following the mistrial, the Court granted in part MMC's motion to modify the pre-trial order by allowing MMC to designate an expert infectious diseases expert, Dr. Patrick Joseph, who would testify about causation. See Court's Docket Doc. No. 170.  The Court later granted in part and denied in part a motion to reconsider this ruling.  See Court's Docket Doc. No. 177.  MMC has filed the current motion to substitute Dr. Lory Wiviott for Dr. Joseph and characterizes the motion as being under Rule 60(b)(2).  Hoffman classifies MMC's motion as one for reconsideration under Local Rule 78-230(k) and opposes the motion.  For the reasons that follow, MMC's motion will be granted.

**MMC'S MOTION**

*Defendant's Argument*

MMC requests that the substitution of Dr. Wiviott for Dr. Joseph. Relief is appropriate due to change in circumstances and surprise/excusable neglect. Dr. Joseph was used as a consultant during the trial and thus, was specifically identified in the motion to modify. After the Court granted the motion, Dr. Joseph informed MMC that he could not provide a list of cases in which he had provided testimony, as required by F.R.C.P. 26(a). Despite the offer of assistance in compiling such a list, Dr. Joseph stated that he lacked the memory and records to accurately reconstruct such a list. Since the failure to provide a list of such cases violates Rule 26(a), Dr. Joseph would be excluded as a discovery sanction. Dr. Wiviott was later contacted, and Dr. Wiviott has agreed to testify, be designated, and provide all materials required under Rule 26. There is no harm to Plaintiff since no trial date has been set and her counsel has indicated that he is unavailable until late 2007. There is no bad faith by MMC since it did not learn of Dr. Joseph's inability to provide a list until after the order issued. The import of the Court's first order modifying the scheduling order was to allow MMC to have a causation expert, not specifically Dr. Joseph.

*Plaintiff's Opposition*

Hoffman argues that MMC's request is inappropriate and without justification. MMC should have made sure that Dr. Joseph was able to testify and comply with the rules of civil procedure prior to asking the Court for leave to designate him. MMC represented to the Court that it would comply in the motion to modify, and that representation was false. It is through the sloppiness of MMC that it now finds itself in difficulties with Dr. Joseph and the ability to comply with Rule 26. Such conduct is undeserving of relief. The requirements of Rule 60 and Local Rule 78-230(k) have not been met and further additional relief from MMC's own conduct would make a mockery of the Court's orders and give MMC an undeserved windfall and benefit.

*Legal Standard*[1]

Federal Rule of Civil Procedure 16(e) mandates that the pretrial order "shall control the subsequent course of the action . . . [and] shall be modified only to prevent manifest injustice." Fed. R. Civ. Pro. 16(e). This does not mean, however, that a pretrial order is a legal "strait-jacket" that unwaveringly binds the parties and the court, rather, the Court retains a "certain amount of latitude to deviate from a pre-trial order," Manley v. AmBase Corp., 337 F.3d 237, 249 (2d Cir. 2003); see also Castlegate, Inc. v. National Tea Co., 34 F.R.D. 221, 226 (D. Col. 1963), so as to prevent manifest injustice. See Fed. R. Civ. Pro. 16(e).

With respect to retrials, district courts have the discretion to admit or exclude new evidence or witnesses on retrial. See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States Co., 195 F.3d 765, 775 (5th Cir. 1999); Cleveland v. Piper Aircraft Corp., 985 F.2d 1438, 1449-50 (10th Cir. 1993); Total Containment, Inc. v. Dayco Prods., 177 F.Supp.2d 332, 338-39 (E.D. Pa. 2001); 11 Wright & Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2803 (1995); see also Habecker v. Clark Equip. Co., 36 F.3d 278, 288 (3d Cir. 1994). Where the court "perceives 'manifest injustice' in limiting evidentiary proof at a new trial . . . it may, with proper notice, allow additional witnesses and relevant proof." Martin's Herend Imports, 195 F.3d at 775; Cleveland, 985 F.2d at 1450. The party moving for a modification of a pre-trial order has the burden of showing that an amendment is necessary to prevent manifest injustice. Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005); Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998). In evaluating whether a party has shown "manifest injustice" that

---

[1] The Court disagrees with both parties regarding the proper classification of MMC's motion. This motion is not properly classified as a Rule 60(b) motion because that rule applies only to orders, judgment, and proceedings that are final. Raytheon Constructors v. Asarco, Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); School Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir. 1958). The Court's orders regarding Dr. Joseph are non-final orders. However, the Court also cannot agree with Hoffman that this motion is one under Local Rule 78-230(k). That Local Rule applies to motions for reconsideration. MMC is not asking the Court to reconsider a ruling, i.e. reach an opposite conclusion. Instead, what MMC is asking the Court to do is once again change or modify the pre-trial order. The Court previously granted MMC's Rule 16 motion to modify the pre-trial order to include Dr. Joseph as a rebuttal causation expert. MMC now wishes to substitute Dr. Wiviott for Dr. Joseph. This request would effect a change in the pre-trial order and is therefore, in reality, a request to further modify the pre-trial order. Modifications of pre-trial orders are governed by Rule 16. It is through this framework that this motion will be resolved.

warrants amendment, courts consider four factors: (1) the degree of prejudice or surprise to the [non-moving party] if the order is modified; (2) the ability of the [non-moving party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification. <u>Galdamez</u>, 415 F.3d at 1020; <u>Byrd</u>, 137 F.3d at 1131.

*Discussion*

Considering the factors identified in *Galdamez* and *Byrd*, the Court will allow modification of the pre-trial order. The Court does not see prejudice to Hoffman at this point. The order on the first motion to modify the pre-trial order allowed MMC to designate a rebuttal causation expert. <u>See</u> Court's Docket Doc. No. 170. MMC identified Dr. Joseph, but the identity of that expert was not a principal consideration in the Court's ruling on the motion. There is no indication that discovery has occurred regarding Dr. Joseph nor is there an indication that Hoffman has somehow detrimentally relied on MMC's rebuttal expert as being Dr. Joseph.

To the extent that there is surprise to Hoffman, the surprise is curable. Again, there is no indication that discovery has occurred and a new trial date has not been set. The Court's previous orders, as will this order, have made express provision for additional discovery. Also, as per this Court's order on the motion for reconsideration, MMC will pay the additional costs of discovery regarding Dr. Wiviott. <u>See</u> Court Docket Doc. No. 177. The opportunity to conduct discovery and MMC's payment of the associated cost will cure any surprise that may be present.

The impact on the conduct of trial from allowing Dr. Wiviott to be designated as the new rebuttal witness is minimal. A new trial date has yet to be set and there appears to be no dispute that Hoffman's counsel will not be available until late 2007. Importantly, MMC indicates that there will be no problems with Dr. Wiviott and that it will follow and meet the disclosure requirements of Rule 26 and will also make Dr. Wiviott available for deposition at Hoffman's convenience. Further, substituting Dr. Wiviott for Dr. Joseph will not change the complexity of the case nor the legal issues involved.

Finally, with regard to willfulness or bad faith, the declaration of MMC's counsel

4

indicates that MMC had retained Dr. Joseph and utilized him as a consultant during trial.  <u>See</u> Court's Docket Doc. No. 176.  The declaration further indicates that it was after the Court granted the motion to modify that Dr. Joseph informed MMC that he could not provide a list of the cases in which he had provided testimony, as required by Rule 26(a)(2)(B).  <u>See id.</u>  In filings regarding the motion for reconsideration, MMC  stated that it would fully comply with Rule 26(a)(2).  <u>See</u> Court's Docket Doc. No. 168.  This representation, at least with respect to Dr. Joseph, was false.  The reason that it is false, however, appears to be that MMC made an invalid assumption.  Such an assumption is careless and MMC should have made sure that it and Dr. Joseph could actually comply with Rule 26(a)(2) before making such representations to the Court.  This conduct shows neglect, and possible recklessness, by MMC, but the Court does not believe that MMC acted willfully or in bad faith.  MMC's conduct is a poor reason for allowing further amendment to the pre-trial order.  Nevertheless, even weighing MMC's conduct against granting modification/substitution of experts, it is outweighed by the previous three *Galdamez* and *Byrd* factors.

## **CONCLUSION**

The *Galdamez* and *Byrd* considerations collectively weigh in favor of granting MMC's motion.  The reason this motion was filed was because MMC made an incorrect assumption, did not verify that Dr. Joseph could comply with Rule 26, and made a careless representation to this Court.  MMC should have made sure that it and Dr. Joseph were willing and able to meet the obligations of Rule 26 before identifying him in the motion for modification and indicating that MMC would comply with Rule 26.  MMC's conduct does not particularly lend itself to the granting of the motion.  However, the conduct of MMC is outweighed by the remaining *Galdamez* and *Byrd* factors.  The Court does not see prejudice to Hoffman in allowing Dr. Wiviott to substitute in for Dr. Joseph and the Court does not see that a disruption to the proceedings will occur.  The re-trial date has not been set, there does not appear to have been any discovery, there is no indication that Hoffman has somehow detrimentally relied on Dr. Joseph being the rebuttal expert, substituting Dr. Wiviott for Dr. Joseph does not change the issues or

5

complexity of the case, additional discovery will occur, and MMC will pay the costs of additional discovery for Dr. Wiviott.  Further, MMC has represented that Dr. Wiviott will be made available for deposition and that all Rule 26 disclosures regarding Dr. Wiviott will be promptly made.

Accordingly, IT IS HEREBY ORDERED that:

1. MMC's Motion for Relief from Order is GRANTED;
2. MMC may substitute Dr. Lory Wiviott in place of Dr. Patrick Joseph as its designated rebuttal expert witness; and
3. Within two weeks from service of this order, the parties are to meet and confer regarding a new trial date, additional discovery regarding Dr. Wiviott, and a summary judgment schedule;
   a. The parties will jointly file with Court proposed dates for a new trial;
   b. The parties are to file with the Court an agreed discovery schedule regarding Dr. Wiviott;
   c. If the parties cannot agree to a limited discovery order within the ordered time frame, they are to report immediately to Magistrate Judge Beck in order to set a discovery schedule and notify this Court that a discovery schedule will be determined by the Magistrate Judge; and
   d. The parties are to meet and confer and jointly file a proposed schedule for the second motion for summary judgment, limited to the issue of causation.[2]

IT IS SO ORDERED.

**Dated:   August 8, 2007**            /s/ Anthony W. Ishii
                                      UNITED STATES DISTRICT JUDGE

---

[2] Upon receiving the proposed summary judgment schedule and proposed trial dates, the Court will thereafter issue an order approving or modifying the proposed schedule and setting the new trial dates.

6