Case 1:04-cv-05714-AWI-DLB   Document 188   Filed 10/02/07   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HOFFMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KENT TONNEMACHER, M.D.; ) <br> UNKNOWN PHYSICIANS; ) <br> MEMORIAL MEDICAL CENTER, ) <br> ) <br> Defendants. ) <br> _____) | CIV F 04-5714 AWI DLB <br><br> ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED DUE TO FAILURE TO OBEY COURT ORDERS |

On September 20, 2007, based on submissions from the parties, this Court discharged an order to show cause regarding the parties's failure to obey an August 10, 2007, order. Both the August 10 and September 20 orders required the parties to either create and submit a new scheduling order or to contact the Magistrate Judge for establishing a new scheduling order. The September 20, 2007, order required the parties to submit a proposed scheduling order or contact the Magistrate Judge on or by September 28, 2007. The September 28, 2007, deadline has now passed, no proposed scheduling order has been submitted, and once again the Magistrate Judge has not been contacted. The Court warned that the failure to obey the September 20, 2007, order would be sanctionable.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Fed. R. Civ. Pro. 41(b). Although

the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules).  In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

In light of the disobedience of two court orders, the parties will be required to show cause why sanctions should not be imposed upon them, including the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties are to show cause in writing why sanctions should not be imposed upon them for failure to obey the September 20, 2007, order, on or by 1:30 p.m. on October 9, 2007;

    a. In addition to other considerations that the parties may wish the Court to consider, the parties are to address the five considerations identified above for dismissal;

2. The parties may submit responding briefs to the October 9, 2007, filings on or by 4:30 p.m. on October 15, 2007; and

3. The parties are warned that the failure to obey this order will result in the imposition of sanctions, up to and including dismissal, without further notice.

IT IS SO ORDERED.

**Dated:   October 1, 2007**               /s/ Anthony W. Ishii
                                  UNITED STATES DISTRICT JUDGE