1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT FOR THE

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    DONNA HOFFMAN,                        )    1:04-CV-5714  AWI DLB
                                            )
12                      Plaintiff,          )    ORDER ON PLAINTIFF'S
              v.                            )    OBJECTIONS TO PRE-TRIAL
13                                          )    ORDER
      KENT TONNEMACHER, M.D.;               )
14    UNKNOWN PHYSICIANS;                    )
      MEMORIAL MEDICAL CENTER,              )
15                                          )
                        Defendants.         )
16    _____)

17

18          This case was tried before a jury in 2006.  The only cause of action that was tried was an

19    EMTALA claim against Memorial Medical Center ("Defendant").  Prior to the trial, the Court

20    denied Plaintiff's request to amend the pre-trial order to include a medical negligence claim

21    against the Defendant.  At trial, the jury was unable to reach a decision on either the issue of

22    liability or causation.  A mistrial was then declared.  See Court's Docket Doc. No. 161.  After the

23    mistrial, the Court modified the scheduling order to allow the Defendant to designate an

24    infectious diseases expert.  See id. at Doc. Nos. 174, 183.  The Court then allowed a subsequent

25    summary judgment motion on the issue of causation, and granted summary judgment in favor of

26    the Defendant.  See id. at Doc. No. 208.   Plaintiff appealed.

27

28

1    As part of the appeal, Plaintiff appears to have challenged the propriety of a second

2  summary judgment motion, the summary judgment ruling, the modification of the pre-trial order

3  to allow the hospital to designate an expert, and two evidentiary rulings.  The Ninth Circuit

4  affirmed the propriety of the second summary judgment motion, affirmed the amendment of the

5  pre-trial order, and affirmed one evidentiary ruling.  See id. at Doc. No. 232; Hoffman v.

6  Tonnemacher, 593 F.3d 908 (9th Cir. 2010).  The Ninth Circuit reversed the summary judgment

7  ruling and reversed one evidentiary ruling, and remanded the case.  See Court's Docket Doc. No.

8  232.

9    A pre-trial conference was held on August 6, 2010.  An issue in the joint pretrial

10  statement was whether a negligence claim would be part of the retrial.  See id. at Doc. No. 239.

11  In Footnote 1 of the pretrial order,[1] the Court stated that no negligence claim would be included.

12  See id. at Doc. No. 241.  The footnote indicated that the scheduling order (which was in the form

13  of a minute order docket entry) did not mention negligence, it did not appear that the issue had

14  been raised on appeal, the Ninth Circuit did not address negligence, and no motion to amend had

15  been filed.  See id.  The Court stated that its prior ruling would remain in effect.  See id.

16    Plaintiff filed objections to the pretrial order with regards to the absence of a negligence

17  claim.  See id. at Doc. No. 242.  Plaintiff takes issue with the Court's observations regarding the

18  current scheduling order, the appeal (including the mandate rule),[2] and the absence of a motion to

19  amend.  See id.  Plaintiff points out that the first amended complaint included a medical

20

21    [1]Footnote 1 of the current pretrial order reads:

22  Plaintiff also contends that there is a medical negligence claim against Defendant.  However, in the prior pre-trial
    order, no such cause of action was listed.  In pre-trial proceedings in the prior trial, Plaintiff moved to amend the pre-
23  trial order to include a negligence cause of action against Defendant.  The Court denied the motion to amend.  The
    case then proceeded to trial solely on an EMTALA claim.  When Plaintiff appealed the Court's summary judgment
24  order, it does not appear that Plaintiff challenged the Court's prior ruling with respect to a medical negligence claim
    against Defendant, and the Ninth Circuit opinion did not address the issue.  Furthermore, once the case was
25  remanded to this Court from the Ninth Circuit, the Court referred the matter to the Magistrate Judge to set a new
    scheduling order.  The minute order from the Magistrate Judge set the pre-trial and trial dates, but made no mention
26  of Plaintiff's medical negligence contention.  Furthermore, from the time the Ninth Circuit remanded this case in
    January 2010 to the present, Plaintiff has made no motion to amend her complaint to include a medical negligence
27  claim (given the late date, a motion to amend would not be well received).  Under these circumstances, the Court's
    prior ruling will remain in effect, and thus, no medical negligence claim against Defendant will be permitted.

28    [2]Plaintiff contends that the Footnote 1 is contrary to Allen v. Kumagai, 1:06-CV-1469 AWI SMS.

1   negligence claim against the Defendant, and the Court has never stated that Plaintiff's negligence

2   claim was dismissed.  See id.

3          On May 18, 2006, the Court denied Plaintiff's motion to modify the then existing pretrial

4   order to include a medical negligence claim against the Defendant.  See id. at Doc. No. 229 at

5   15:10-13.  As represented to the Court, the basis for the medical negligence claim was vicarious

6   liability.  See id. at Doc. Nos. 299 at 6:25-7:3 ("[The Defendant] retained an expert who rendered

7   an opinion as to the negligence cause of action, precisely on the same theory that we would be

8   asserting at trial, that [the Defendant] would be vicariously liable for the actions of Dr.

9   Tonnemacher under state law.").  Specifically, Plaintiff contended that Dr. Tonnemacher was the

10   ostensible agent of the Defendant.  See id. at 10:4-19.  Plaintiff expressly cited *Mejia v.*

11   *Community Hospital of San Bernardino*, 99 Cal.App.4th 1448 (2002) at oral argument when she

12   discussed ostensible agency.  See id.  In opposition, both in writing and at oral argument, the

13   Defendant contended *inter alia* that neither vicarious liability nor ostensible agency was included

14   in the first amended complaint.  See id. at 8:17-20; Doc. No. 103 at 1:25-2:3.  The Court did not

15   issue a written order on Plaintiff's motion.  See id. at Doc. No. 229.  However, the Court denied

16   the motion to amend the pretrial order.  See id.  The Court specifically held that the first amended

17   complaint did not put the Defendant on notice of any vicarious liability/ostensible agency theory

18   and to add the claim would prejudice the Defendant and complicate the trial.  See id. at 12:7-

19   15:13.  The Court noted, "I have reviewed the complaint, the complaint does talk about

20   negligence of each of the individuals.  There's no reference or indication, statements, none that

21   really I was aware of until the motion, hearing on motions in limine, regarding vicarious liability

22   or vicarious liability theories.  The word or phrase vicarious liability, respondeat superior,

23   ostensible or actual authority has never really been raised."  Id. at 12:7-14.  The Court later

24   stated, "The complaint contained no vicarious liability theories.  It is not fair to say the defendant

25   was placed on notice that plaintiff was pursuing a vicarious liability claim based upon Dr.

26   Tonnemacher's negligence."  Id. at 14:8-12.

27          From May 18, 2006, to the present, the Court is unaware of anything, including the

28   current scheduling order or the happenings at the Ninth Circuit, that would cause it to reverse its

May 18, 2006, oral order on Plaintiff's motion to amend the pretrial order.  The current pre-trial order's Footnote 1 perhaps could have been more clear.  Nevertheless, the issue of trying Plaintiff's medical negligence claim against the Defendant, which was based on vicarious liability/ostensible agency, has already been decided.  Like the first trial, that claim will not be tried in the second trial.

Plaintiff's objections to the pre-trial order are overruled.

IT IS SO ORDERED.

Dated:   August 12, 2010   

_____
CHIEF UNITED STATES DISTRICT JUDGE