# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONNA HOFFMAN,** ) | 1:04-CV-5714 AWI DLB |
| ) | |
| **Plaintiff**, ) | ORDER VACATING |
| **v.** ) | DECEMBER 6, 2010, |
| ) | HEARING, AND ORDER ON |
| **KENT TONNEMACHER, M.D.;** ) | DEFENDANT'S RENEWED |
| **UNKNOWN PHYSICIANS;** ) | RULE 50 MOTION FOR |
| **MEMORIAL MEDICAL CENTER,** ) | JUDGMENT AS A MATTER |
| ) | OF LAW |
| **Defendants.** ) | |
| ) | (Doc. No. 301) |

This is an EMTALA case brought by Plaintiff Donna Hoffman ("Hoffman") against Defendant Memorial Medical Center ("MMC"). This case has a long history, of which the parties are well aware. The history includes two summary judgments, one appeal to and two opinions (one published, one unpublished) from the Ninth Circuit, and two jury trials the both resulted in hung juries/mistrials.

At the close of Hoffman's case during the second trial, MMC moved under Rule 50 for judgment as a matter of law. See Court's Docket Doc. No. 307 (Transcript of September 30, 2010, proceedings). MMC argued that Dr. Goldman's testimony was insufficient because she never testified that any of the identified medical tests (including the CBC and blood culture) would have resulted in a reasonable clinical confidence that plaintiff either had sepsis or bacterial infection or something in the nature of an emergency medical condition. See id. a pp. 3-4.

The Court denied MMC's motion without prejudice. Specifically, the Court stated:

> All right, very well. All right. And I do view this under Rule 50 judgment as a matter of law.
>
> In this case, based upon the evidence that the Court has heard thus far, I think it is a matter for the jury as to whether or not there is a legally sufficient evidentiary basis to find for the plaintiff on this issue. And I'm not going to recount all the evidence or the testimony of Dr. Goldman, but I'm satisfied in this trial based upon the evidence presented, that the Rule 50 motion should not be granted, that this is a matter that should be resolved by the jury, and there is sufficient evidence for the jury to make its own independent determination. So the Rule 50 motion is denied without prejudice.

Id. at pp. 5-6.

On November 1, 2010, MMC filed a renewed Rule 50 motion. MMC again argues that Dr. Goldman's testimony was insufficient to show that the results of any of the identified medical tests would have identified a bacterial infection in Hoffman's bloodstream to a reasonable clinical confidence in time to change the diagnosis, treatment, and disposition of Hoffman's condition. See Court's Docket Doc. No. 304 at pp. 2-3.

On November 16, 2010, Hoffman filed her opposition. Hoffman's opposition includes descriptions of Dr. Goldman's testimony, Dr. Olson's testimony, Dr. Bressler's testimony, Dr. Tonnemacher's testimony, and Hoffman's medical records from MMC.

A court may grant a renewed motion for judgment as a matter of law under Rule 50(b) "if the evidence, construed in favor of the nonmoving party, permits only one reasonable conclusion." Art Attacks Ink, LLC v. MGA Enter., Inc., 581 F.3d 1138, 1143 (9th Cir. 2009). After reviewing the record before it, the Court cannot conclude that the record permits only one reasonable conclusion. As it did at the second trial, the Court will again deny MMC's Rule 50 motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 6, 2010, hearing date is VACATED;
2. MMC's renewed Rule 50 motion is DENIED;
3. Within ten (10) days of service of this order, the parties are directed to meet and confer

regarding a new trial date;

4. Once the parties have established agreeable trial dates among themselves, the parties shall contact the Courtroom deputy, Mr. Nazaroff, in order to discuss and to confirm a new trial date.[1]

IT IS SO ORDERED.

Dated:   December 2, 2010

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Once a trial date is set with Mr. Nazaroff, the Court will issue a formal order setting the new trial date and also setting a new pre-trial conference date. After holding the new pre-trial conference, the Court will issue a new pre-trial order, which will include a schedule for motions in limine.